UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| FREDERICK OMOYUMA SILVER,<br><br>                     Plaintiff,<br>v.<br><br>STEVEN B. WOLFSON, et al.,<br><br>                     Defendants. | Case No. 2:19-cv-00032-APG-PAL<br><br>**ORDER**<br><br>(Mots. – ECF Nos. 13, 17, 20, 21, 22, 23, 42) |

This matter is before the court on Plaintiff Frederick Omoyuma Silver's Motion for Non-Consent to Magistrate Judge (ECF No. 13), Motions to Compel Discovery (ECF Nos. 17, 20), Motion for Clarification re: Proof of Employment (ECF No. 21), and Motions for Production of Documents (ECF Nos. 22, 23, 42). These motions are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice. The court has considered the motions and the Response (ECF No. 37) filed by Defendants Jane Femiano and Arthur Ritchie, Jr.

**BACKGROUND**

Mr. Silver is proceeding in this case *pro se*, which means he is not represented by an attorney. *See* LSR 2-1. This case involves Silver's allegations of civil rights violations pursuant to 42 U.S.C. § 1983 with regard to a child support order entered by the Eighth Judicial District Court of the State of Nevada. On January 3, 2019, Silver commenced this action by paying the standard filing fee and submitting a Complaint (ECF No. 1). He subsequently filed an Amended Complaint (ECF No. 8) naming as defendants (1) Steven B. Wolfson (Clark County District Attorney), (2) Clark County District Attorney's Office Family Support Division ("DA's Family Support Division"); (3) Jane Doe and John Doe 1-10 Assistant District Attorneys, (4) Candice Katie Towner (the mother of his alleged child), (5) Jane Femiano (Hearing Master), (6) Jeffrey Witthun (Director of DA's Family Support Division), (7) Veronica Gomez (Agent of DA's Family

1

Support Division), (8) Aarin Bailey (Agent of DA's Family Support Division), (9) Arthur T. Ritchie, Jr. (Nevada District Court Judge), (10) Nevada Department of Health and Human Services ("Nevada HHS"), (11) Edward Heidig (HHS Regional Director), and (12) Aaron D. Ford (Nevada Attorney General).

The record indicates that summons have been executed on Defendants Femiano and Towner. *See* Executed Summonses (ECF Nos. 24, 25).[1] On February 15, 2019, Defendants Ritchie and Femiano filed a Motion to Dismiss (ECF No. 14) the Amended Complaint.[2] These defendants filed a Motion to Stay Discovery (ECF No. 27), on February 21, 2019 to which Silver has not filed response.

## **DISCUSSION**

**I.   MOTION FOR NON-CONSENT TO MAGISTRATE JUDGE (ECF NO. 13)**

The motion states Mr. Silver will not consent to a magistrate judge hearing his civil case because he has a right to be heard by an Article III judge appointed for life. Article III of the United States Constitution established the federal judiciary as one of the three equal branches of government. Generally speaking, the federal judiciary is comprised of three levels of courts: the Supreme Court, courts of appeals, and district courts. Pursuant to Article III, the President nominates Supreme Court justices, court of appeals judges and district court judges, who are then confirmed by the Senate for a life term. *See FAQs: Federal Judges*, United States Courts, http://www.uscourts.gov/faqs-federal-judges. Two types of federal judges serve in the district

---

[1] Mr. Silver has filed a Certificate of Service (ECF No. 32) for Defendants Wolfson, Heidig, and Ritchie claiming that service was accomplished via certified mail. Silver is advised that both federal and Nevada law require a plaintiff to complete personal service of the summons and complaint to defendant individuals unless the defendant waives service. *See* Fed. R. Civ. P. 4(e)(2); Nev. R. Civ. P. 4(d)(6). Accordingly, courts in this district have found that attempts to serve defendants by certified mail are deficient. *See, e.g.*, *Cabrera v. Las Vegas Metro. Police Dep't*, No. 2:12-cv-00918-RFB-CWH, 2014 WL 6634821, at *3 (D. Nev. Nov. 21, 2014); *Bonavito v. Nevada Prop. 1 LLC*, No. 2:13-cv-417-JAD-CWH, 2013 WL 5758129, at *1–2 (D. Nev. Oct. 21, 2013).

[2] The Motion to Dismiss is now fully briefed. *See* Pl.'s Responses (ECF Nos. 26, 29), Defs.' Reply (ECF No. 35). Mr. Silver has filed two opposition briefs. Local Rule 7-2 allows a motion, *one* response, and *one* reply. Supplemental filings and "surreplies" (*i.e.*, a second opposition) are expressly prohibited without leave of court and "motions for leave to file a surreply are discouraged." LR 7-2(b). The court will not permit parties to violate the rule prohibiting supplementation in a never-ending attempt to have the last word. Mr. Silver is warned that continued duplicative filings may result in the imposition of sanctions, including dismissal of this case for engaging in abusive litigation tactics. Unless and until the district judge orders otherwise, the Motion to Dismiss will be decided on the parties' briefs already on the record.

courts: district judges and magistrate judges. District judges are appointed and confirmed under Article III and serve a life term. *Id*. However, magistrate judges are judicial officers appointed under Article I of the Constitution by a majority vote of the district judges to serve a renewable term of eight years. *Id*.

28 U.S.C. § 636 addresses the jurisdiction and powers of magistrate judges. *See also* Fed. R. Civ. P. 72. Magistrate judges may "hear and determine *any pretrial matter* pending before the court," "conduct hearings, including evidentiary hearings," and submit "proposed findings of fact and recommendations" to the assigned district judge for dispositive matters. 28 U.S.C. § 636(b)(1) (emphasis added); *see also* Fed. R. Civ. P. 72 (distinguishing between non-dispositive and dispositive pretrial matters);[3] *S.E.C. v. CMKM Diamonds, Inc.*, 729 F.3d 1248, 1259–60 (9th Cir. 2013) (district judges "may designate a magistrate judge to hear any nondispositive pretrial matter pending before the court" (citation omitted)). Magistrate judges may also be assigned additional duties, which will vary considerably from district to district, and may also vary between district judges. *See* 28 U.S.C. § 636(b)(3), (4). The district judges of each district determine what duties to assign to its magistrate judges in order to best meet the needs of that district. *Id*.[4] In the District of Nevada, magistrate judges are utilized to the full extent of their statutory authority, and exercise general supervision of civil and criminal calendars, conduct pretrial conferences, proceedings and settlement conferences in civil and criminal cases, and conduct an early neutral evaluation in employment discrimination actions. *See* LR IB 1-7; LR 16-6.

Mr. Silver's motion states that he has "a right to be heard by an article III Judge." The Honorable Andrew P. Gordon, United States District Judge—an Article III judge—*is* assigned to this case. However, in this district, each case is automatically assigned to both a magistrate judge and a district judge at the time the complaint is filed. The District of Nevada has an automatic referral system that determines which motions and proceedings are heard and decided by a

---

[3] A "dispositive" matter is one that may bring "about a final determination" in a case. *See* Black's Law Dictionary (10th ed. 2014) (defining "dispositive motion" as one requesting "a trial-court order to decide a claim or case in favor of the movant without further proceedings").

[4] *See also* Peter G. McCabe, *A Guide to the Federal Magistrate Judge System* 7 (Aug. 2014), *available at* http://www.fedbar.org/PDFs/A-Guide-to-the-Federal-Magistrate-Judge-System.aspx?FT=.pdf.

3

magistrate judge and which motions and proceedings are heard and decided by a district judge. Judge Gordon will hear and decide dispositive motions. The assigned magistrate judge will automatically be referred most motions addressing case management, pretrial non-dispositive motions, and discovery related motions. The assigned magistrate judge will only decide motions for which there is Article I jurisdiction. The district judge will finally decide matters for which there is Article III jurisdiction. To the extent Silver's motion seeks to decline having a magistrate judge decide matters automatically or specifically referred by the district judge within the magistrate judge's Article I authority, the motion is denied.

## II. SILVER'S DISCOVERY MOTIONS (ECF NOS. 17, 20, 21, 22, 23, 42)

Silver has filed multiple motions seeking to compel discovery and production of documents. Subject to a few exceptions, discovery may begin only after the court enters a scheduling order. *See* Fed. R. Civ. P. 16; LR 16-1(b): LR 26-1. Unless a case is exempt, Rule 16 requires the court to issue a scheduling order limiting the time to complete discovery, join other parties, amend pleadings, and file motions. Fed. R. Civ. P. 16(b), 26(f). Local Rule 26-1 addresses the timing, filing and contents of discovery plan and scheduling orders in civil cases. After the parties have held the conference required by Rule 26(f) of the Federal Rules of Civil Procedure,[5] the Local Rules of Civil Practice require the parties to submit a stipulated discovery plan and scheduling order. LR 26-1. If no proposed discovery plan and scheduling order is submitted, the court will enter a standard order "within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared." Fed. R. Civ. P. 16(b)(2).

Here, Mr. Silver has filed numerous discovery-related motions: Motions to Compel Discovery (ECF Nos. 17, 20), Motion for Clarification re: Proof of Employment (ECF No. 21), and Motions for Production of Documents (ECF Nos. 22, 23, 42). The court notes that each document filed as a "motion to compel" or "motion for production of documents" is actually titled a "demand to produce," "request for interrogatories" or "demand for production."[6] Each plainly

---

[5] All references to a "Rule" or the "Federal Rules" in this Order refer to the Federal Rules of Civil Procedure.

[6] The Local Rules of Practice state that a "filer is responsible for designating the *accurate title* of a document filed in the electronic filing system." LR IC 2-2(c) (emphasis added). The filer must also select

4

requests written discovery—not relief from the court. Although the Motion for Clarification (ECF No. 21) includes the word "motion" in the title, it also requests discovery from the defendants.

Filing a motion or demand with the court is not the proper procedure for requesting written discovery materials from a party. Rather, discovery requests must be served *directly on opposing parties*, who then have 30 days to respond. *See* Fed. R. Civ. P. 34. The Local Rules of Civil Practice also provide:

> Unless the court orders otherwise, *written discovery, including discovery requests, discovery responses, deposition notices, and deposition transcripts, must not be filed with the court*. Originals of responses to written discovery requests must be served on the party who served the discovery request, and that party must make the originals available at the pretrial hearing, at trial, or when ordered by the court….

LR 26-8 (emphasis added). Thus, "[d]iscovery is supposed to proceed with minimal involvement of the Court." *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015).

The parties have not submitted a proposed discovery plan and scheduling order and it is premature for the court to enter one given the current procedural posture of this case. It is not clear whether the named defendants have been properly served with process. It does not appear that Mr. Silver has initiated the process for conducting a Rule 26(f) conference and preparation of a proposed discovery plan and scheduling order. Furthermore, Defendants Ritchie and Femiano have filed a Motion to Stay Discovery (ECF No. 27) until after their motion to dismiss is decided.

Mr. Silver's discovery motions do not show that he served discovery requests on the named defendants. A motion is ordinarily not the mechanism for obtaining discovery. Discovery is conducted pursuant to Federal Rules 26–36. Discovery requests are served on counsel for opposing parties. They are not filed with the court. *See* LR 26-8. The motions do not state any grounds for allowing expedited discovery prior to entry of a scheduling order. The motions are therefore denied. Once a scheduling order is entered, Mr. Silver may then serve written discovery requests directly on the named defendants in accordance with the Rules. Mr. Silver should carefully review the discovery rules contained in Rules 26–36 of the Federal Rules and the Local Rules of Practice to ensure that he follows the appropriate procedures.

---

the correct "type of 'event' for each filed document *based on the relief requested or the purpose of a document*." LR IC 2-2(b). Mr. Silver's motions violate LR IC 2-2(b) and (c) in addition to the other deficiencies identified in this Order.

The court appreciates that it is difficult for pro se parties to litigate their claims. Plaintiffs are well advised to familiarize themselves with the Federal Rules, the Local Rules of Practice, and relevant case law as much as possible.[7]

Accordingly,

**IT IS ORDERED:** Plaintiff Frederick Omoyuma Silver's Motion for Non-Consent to Magistrate Judge (ECF No. 13), Motion to Compel Discovery (ECF No. 17), Second Motion to Compel Discovery (ECF No. 20), Motion for Clarification re: Proof of Employment (ECF No. 21), Motion for Production of Documents (ECF No. 22), Second Motion for Production of Documents (ECF No. 23), and Third Motion for Production of Documents (ECF No. 42) are **DENIED**.

Dated this 8th day of March, 2019.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

---

[7] The Federal Rules of Civil Procedure may be accessed on the United States Courts website free of charge at: www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure. The Local Rules of Practice may be accessed from this court's website free of charge at http://www.nvd.uscourts.gov.