UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FREDERICK OMOYUMA SILVER,<br><br>                Plaintiff,<br>v.<br>STEVEN B. WOLFSON, et al.,<br><br>                Defendants. | Case No. 2:19-cv-00032-APG-PAL<br><br>**ORDER**<br><br>(Mots. – ECF Nos. 27, 52, 54, 62, 71, 88, 94) |

      This matter is before the court on Defendants Arthur T. Ritchie Jr. and Jane Femiano's Motion to Stay Discovery (ECF No. 27). Also before the court is Plaintiff Frederick Omoyuma Silver's Motion to Compel Production of Documents re: Tax forms (ECF No. 52), Third Motion to Produce Documents (ECF No. 54), Fourth Motion for Production of Documents (ECF No. 62), Motion for Scheduling and Case Management Order (ECF No. 71), Motion for Production re: Discovery (ECF No. 88), Motion for Evidence (ECF No. 94). These Motions are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice. The court has considered the Motions and Defendants' Responses (ECF Nos. 67, 68, 70, 81). No reply briefs were filed and the deadlines to do so have expired.

      Plaintiff is proceeding in this case *pro se*, which means he is not represented by an attorney. *See* LSR 2-1. This case involves Plaintiff's allegations of civil rights violations pursuant to 42 U.S.C. § 1983 with regard to a child support order entered by the Family Division of the Eighth Judicial District Court ("Family Court") in Clark County, Nevada. On January 3, 2019, Plaintiff commenced this action by paying the standard filing fee and submitting a Complaint (ECF No. 1). He subsequently filed an Amended Complaint (ECF No. 8) naming as defendants (1) Steven B. Wolfson (Clark County District Attorney), (2) Clark County District Attorney's Office Family Support Division ("DA's Family Support Division"); (3) Jane Doe and John Doe 1-10 Assistant

1

District Attorneys, (4) Candice Katie Towner (the mother of his alleged child), (5) Jane Femiano (Hearing Master), (6) Jeffrey Witthun (Director of DA's Family Support Division), (7) Veronica Gomez (Agent of DA's Family Support Division), (8) Aarin Bailey (Agent of DA's Family Support Division), (9) Arthur T. Ritchie, Jr. (Nevada District Court Judge), (10) Nevada Department of Health and Human Services ("Nevada HHS"), (11) Edward Heidig (HHS Regional Director), and (12) Aaron D. Ford (Nevada Attorney General). Plaintiff alleges a violation of due process under the Fourteenth Amendment, unreasonable search and seizure under the Fourth Amendment, and fraud under 18 U.S.C. §§ 1341–1342.

On February 15, 2019, Defendants Ritchie and Femiano filed a Motion to Dismiss (ECF No. 14) the Amended Complaint. Since then, Defendants Towner, Ford and Nevada HHS have also filed Motions to Dismiss (ECF Nos. 40, 83, 95). These motions are fully briefed and pending before United States District Judge Andrew P. Gordon. The District of Nevada is one of the busiest districts in the country in terms of the number of cases per judge. In the absence of a genuine emergency or a legal requirement to process matters within a certain time frame motions are ordinarily decided on a first in first out basis. Thus, a decision on the pending dispositive motions may be many months away.

**I.    DEFENDANTS' MOTION TO STAY DISCOVERY (ECF NO. 27)**

Defendant Ritchie is a state district judge and Femiano is hearing master in the Nevada Family Court. Their motion requests that this court stay discovery until after a ruling on their pending Motion to Dismiss (ECF No. 14). Defendants argue that because the motion to dismiss is potentially case-dispositive raising issues of absolute judicial immunity and qualified immunity, this is a circumstance where a discovery stay is appropriate. In addition, the motion notes that "Plaintiff continues to bombard the Court's docket with improper motions and attempts to engage in incorrect discovery practices thereby also demonstrating that a stay in discovery is appropriate in this matter." ECF No. 27 at 5. Plaintiff did not file a response and the deadline to do so has expired.[1]

---

[1] Pursuant to the Local Rules of Practice, Plaintiff's failure to oppose Defendants' motion to stay operates as consent that the motion be granted. LR 7-2(d) (The failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion."); *see also*

The Federal Rules of Civil Procedure[2] do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending. *Skellercup Indus. Ltd. v. City of L.A.*, 163 F.R.D. 598, 600–01 (C.D. Cal 1995). A pending dispositive motion does not ordinarily warrant a stay of discovery. *Twin City Fire Insurance v. Employers of Wasau*, 124 F.R.D 652, 653 (D. Nev. 1989); *Turner Broad. System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). A district court may stay discovery only when it takes a "preliminary peek" at the merits of the underlying dispositive motion and is *convinced* the plaintiff will be unable to state a claim for relief. *Id.* (citing *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981)). Common situations in which a court may determine that staying discovery pending a ruling on a dispositive motion occur when dispositive motions raise issues of jurisdiction, venue, or immunity. *Id.*

The United States Supreme Court has repeatedly held that judges and those performing quasi-judicial functions are absolutely immune from damages for acts performed within their judicial capacities. *See Nixon v. Fitzgerald*, 457 U.S. 731, 766 (1982); *see also Miller v. Davis,* 521 F.3d 1142m 1145 (9th Cir. 2008); *Ashelman v. Pope,* 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc) (stating "[j]udges . . . are absolutely immune from damage liability for acts performed in their official capacities").

The defense of qualified immunity is available if an official's conduct is objectively reasonable "as measured by reference to clearly established law." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). A defendant is entitled to summary judgment based on the defense of qualified immunity only if, viewing the facts in the light most favorable to the plaintiff, the facts as alleged do not support a claim that the defendant violated clearly established law. *Mitchell v. Forsyth*, 472 U.S. 511, 528 (1985). This is a purely legal question. *Id.*; *see also Wood v. Ostrander*, 879 F.2d 583, 591 (9th Cir. 1989). The qualified immunity doctrine was developed to defray the social costs of litigation against government officials. *Harlow*, 457 U.S. at 814 ("These social costs include the expenses of litigation, the diversion of official energy from pressing public issues, and the deterrence of able citizens from acceptance of public office."). "The basic thrust of the

---

*Abbott v. United Venture Capital, Inc.*, 718 F. Supp. 828, 831 (D. Nev. 1989).

[2] All references to a "Rule" or the "Rules" in this Order refer to the Federal Rules of Civil Procedure.

qualified-immunity doctrine is to free officials from the concerns of litigation, including 'avoidance of disruptive discovery'." *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) (quoting *Siegert v. Gilley*, 500 U.S. 226, 236 (1991)). The Supreme Court has repeatedly acknowledged the "serious and legitimate reasons" for allowing officials to avoid disruptive discovery.

The Supreme Court has squarely held that until the threshold issue of immunity is resolved, discovery should not proceed. *Harlow*, 457 U.S. at 818 ("Until this threshold immunity question is resolved, discovery should not be allowed"); *Mitchell*, 472 U.S. at 526 (qualified immunity provides "an entitlement not to stand trial or face the other burdens of litigation, conditioned on the resolution of the essentially legal question"). Once a defendant raises the defense, "the trial court must exercise its discretion in a way that protects the substance of the qualified immunity defense. It must exercise its discretion so that officials are not subjected to unnecessary and burdensome discovery or trial proceedings." *Crawford-El v. Britton*, 523 U.S. 574, 597–98 (1998); *see also Ministerio Roca*, 288 F.R.D. at 506–07 (stay was warranted where plaintiff failed to allege discovery was necessary to rule on immunity issue raised in dispositive motions).

The Eleventh Amendment precludes suits "in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend XI; *In re Pegasus Gold Corp.*, 394 F.3d 1189, 1195 (9th Cir. 2005). As the Supreme Court has applied the Eleventh Amendment, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Pittman v. Oregon, Emp't Dep't*, 509 F.3d 1065, 1071 (9th Cir. 2007) (citing *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974).

Additionally, federal district courts do not have appellate jurisdiction over a state court, whether by direct appeal, mandamus, or otherwise. *See, e.g.*, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 482–86 (1983). The Supreme Court has recognized a "domestic relations exception" that prevents the federal courts from exercising jurisdiction in child custody and paternity matters. *See, e.g.*, *Ankenbrandt v. Richards*, 504 U.S. 689 (1992); *Moore v. Sims*, 442 U.S. 415, 435 (1979) (noting that family relations are a "traditional area of state concern" and implicate an important state interest); *Ex*

4

*Parte Burrus*, 136 U.S. 586, 593–94 (1890) ("The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states, and not to the laws of the United States."); *H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000) (affirming dismissal where plaintiff sought to vacate state court orders in a custody proceeding and enjoin future proceedings); *Peterson v. Babbitt*, 708 F.2d 465, 466 (9th Cir. 1983) ("[F]ederal courts have uniformly held that they should not adjudicate cases involving domestic relations.").

The court has taken a "preliminary peek" at the motions to dismiss, Plaintiff's responses, and Defendants' replies. Having reviewed and considered the matter, the court finds that a stay of discovery until the motions to dismiss are decided will best accomplish the goal of Rule 1, which directs that the Rules shall "be construed and administered to secure the just, speedy, and inexpensive determination of every action." The motion is therefore granted.

## II. PLAINTIFF'S DISCOVERY MOTIONS (ECF NOS. 52, 54, 62, 65, 71, 88, 94)

On March 8, 2019, the court entered an Order (ECF No. 49) denying Plaintiff's Motion for Non-Consent to Magistrate Judge (ECF No. 13), Motions to Compel Discovery (ECF Nos. 17, 20), Motion for Clarification re: Proof of Employment (ECF No. 21), and Motions for Production of Documents (ECF Nos. 22, 23, 42). Six of these motions improperly sought to compel discovery and production of documents. Plaintiff filed an Objection (ECF No. 51), arguing that undersigned's orders are "absolutely nullities and void ab initio." *Id.* at 2 (emphasis omitted). Judge Gordon overruled Plaintiff's objection, holding that he "is incorrect in his assertion that Magistrate Judge Leen cannot issue valid orders in this case." Mar. 22, 2019 Order (ECF No. 63). The order cautioned that Plaintiff's "**failure to abide by Judge Leen's or my orders may result in sanctions, including revoking his authorization to serve and file documents in this case through the CM/ECF system, monetary sanctions, or case-ending sanctions**." *Id.* at 2 (emphasis in original).

Since March 8th, Plaintiff has filed seven more improper discovery motions. For the reasons stated in Order (ECF No. 49), and because the court has now stayed discovery, Plaintiff's motions are denied.

Accordingly,

5

**IT IS ORDERED:**

1. Defendants Arthur T. Ritchie Jr. and Jane Femiano's Motion to Stay Discovery (ECF No. 27) is **GRANTED**.
2. Plaintiff Frederick Omoyuma Silver's Motion to Compel Production of Documents re: Tax forms (ECF No. 52), Third Motion to Produce Documents (ECF No. 54), Fourth Motion for Production of Documents (ECF No. 62), Motion for Scheduling and Case Management Order (ECF No. 71), Motion for Production re: Discovery (ECF No. 88), Motion for Evidence (ECF No. 94) are **STRICKEN**.

Dated this 26th day of April 2019.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE