UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FREDERICK OMOYUMA SILVER,<br><br>Plaintiff,<br>v.<br>STEVEN B. WOLFSON, et al.,<br><br>Defendants. | Case No. 2:19-cv-00032-APG-PAL<br><br>**ORDER** |

This matter is before the court on Plaintiff Frederick Omoyuma Silver's Response (ECF No. 51) to the court's Order to Show Cause (ECF No. 48). This Response is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

This case involves Plaintiff's allegations of civil rights violations pursuant to 42 U.S.C. § 1983 with regard to a child support order entered by the Eighth Judicial District Court of the State of Nevada. On January 3, 2019, Plaintiff commenced this action by paying the standard filing fee and submitting a Complaint (ECF No. 1). *See also* Am. Compl. (ECF No. 8).

Plaintiff requested and received leave of the court under LR IC 2-1(b) to use the CM/ECF system in order to file, access, and electronically serve documents in this case. Jan. 18, 2019 Order (ECF No. 7). Plaintiff timely filed a Notice of Completion of ECF Tutorial (ECF No. 11) and began filing on the CM/ECF system. However, to date, Plaintiff has received 17 error notices (ECF Nos. 16, 18, 19, 28, 30, 31, 33, 34, 44, 66, 69, 72, 73, 78, 87, 89, 103) from the clerk's office advising Plaintiff that his filings violate the Local Rules of Practice and instructing him to comply with the rules regarding electronic filing and/or to refile documents. *See generally* LR Part IC – Electronic Case Filing. The clerk's office has also modified eight docket entry's based on Plaintiff's failure to follow the correct CM/ECF filing procedures. ECF Nos. 52, 54, 55, 61, 75, 76, 94, 100.

1

Because of Plaintiff's repeated failures to comply with the Local Rules of Practice and directions received from the clerk's office to remedy his errors, the court entered and Order to Show Cause (ECF No. 48) ("OSC") requiring Plaintiff to show cause in writing why the court should not revoke his authorization to file and serve documents in this case through the CM/ECF system. The OSC warned that a failure to timely respond by March 22, 2019, would result in immediate revocation of Plaintiff's authorization to file and serve documents in this case through the CM/ECF system. *Id.* at 2.

In response to the OSC, Plaintiff claims a magistrate judge lacks authority and jurisdiction in this case. ECF No. 51. Plaintiff also objected to the undersigned's Order (ECF No. 49) denying numerous motions. Plaintiff maintains that the OSC and order are "absolutely nullities and void ab initio." ECF No. 51 at 2 (emphasis omitted). United States District Judge Andrew P. Gordon overruled Plaintiff's objection, holding that Plaintiff "is incorrect in his assertion that Magistrate Judge Leen cannot issue valid orders in this case." Order (ECF No. 63). The order cautioned that Plaintiff's "**failure to abide by Judge Leen's or my orders may result in sanctions, including revoking his authorization to serve and file documents in this case through the CM/ECF system, monetary sanctions, or case-ending sanctions**." *Id.* at 2 (emphasis in original).

Electronic filing by pro se parties is a privilege granted by the court. *See* LR IC 2-1, Electronic Filing System Filers: Registration, Training, and Responsibilities. It is well-settled that courts have the inherent power to manage the dockets in their cases. *See United States v. W.R. Grace*, 526 F.3d 499, 509 (9th Cir. 2008) (en banc) (citing *Atchison, Topeka & Sante Fe Ry. Co. v. Hercules, Inc.*, 146 F.3d 1071, 1074 (9th Cir. 1998)). Filing multiple motions requesting the same relief is an abusive litigation tactic that taxes the resources of the court and all of the parties to this lawsuit. Rule 11 of the Federal Rules of Civil Procedure provides that sanctions may be imposed on an unrepresented party who signs a paper that is either filed with the court for an improper purpose or is frivolous. *See Nugget Hydroelectric, L.P. v. Pacific Gas & Elec. Co.*, 981 F.2d 429, 439 (9th Cir. 1992) (upholding Rule 11 sanctions because a party's second motion to compel largely duplicated the first) (citing *Townsend v. Holman Consulting Corp.*, 929 F.3d 1358, 1362 (9th Cir. 1990) (en banc)). Once a motion is filed, filing a duplicate motion will not speed

up the court's review of a movant's request since motions are generally addressed in the order which they were filed. To the contrary, filing duplicate motions increases the court's workload and generally delays decision while a new round of responses and reply deadlines run.

The court has considered Plaintiff's conduct in this case and the entire record. Since the OSC was entered March 8, 2019, Plaintiff has continued to file documents incorrectly on the court's docket. The clerk's office has issued *eight* additional notices of error and modified the docket another *eight* times. ECF No. 52, 54, 55, 61, 66, 69, 72, 73, 75, 76, 78, 87, 89, 94, 100 103.[1] Furthermore, many of his filings contain duplicate requests for relief. **Plaintiff is again warned that continued motion practice requesting relief that has already been denied or making frivolous, unsupported requests may result in the imposition of sanctions, including dismissal of this case**. Plaintiff's voluminous and repetitive filings, failure to comply with the court's electronic filing procedures, and failure to comply with the Local Rules of Practice and Federal Rules of Civil Procedure have all impeded the administration of justice in this case, wasted judicial resources, and are an abuse of his electronic filing privileges.

Accordingly,

**IT IS ORDERED:**

1. Plaintiff Frederick Omoyuma Silver's CM/ECF ability to file and serve electronically is **REVOKED and the Clerk of Court shall revoke his account and password.**
2. Plaintiff's continued failure to comply with the Federal Rules of Civil Procedure and Local Rules of Practice in filing documents with the court may result in the imposition of sanctions, up to and including case-dispositive sanctions.

Dated this 26th day of April 2019.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

---

[1] Notably, Plaintiff recently violated LR IC 6-1 by filing his Motion for Evidence (ECF No. 94) displaying the full name of the minor child who is the subject of this case. The Local Rules of Practice explicitly require that parties only use the initials of a minor child in court filings. LR IC 6-1. The clerk's office sent Plaintiff an error notice (ECF No. 103) and restricted public access to the document.