# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| FREDERICK O. SILVER, | Case No.: 2:19-cv-00032-APG-BNW |
| Plaintiff | **Order (1) Granting Motions to Dismiss, (2) Granting Leave to Amend, and** |
| v. | **(3) Denying as Moot Motions to Amend** |
| STEVEN B. WOLFSON, et al., | [ECF Nos. 14, 40, 83, 90, 95, 116] |
| Defendants | |

Plaintiff Frederick O. Silver filed this lawsuit seeking monetary, declaratory, and injunctive relief, claiming that the defendants violated his due process rights, violated his Fourth Amendment rights through an unreasonable seizure, and engaged in mail fraud. ECF No. 8 at 8-9. His amended complaint lists numerous statutes in the caption and request for relief. *Id.* at 1, 9-11. His claims arise out of his contention that he is not the father of a minor child for whom he has been ordered to pay child support. *Id.* at 5-7. He names as defendants the child's mother (Candice Towner), along with various Clark County officials, the Nevada Department of Health and Human Services, the Nevada Attorney General, and the U.S. Department of Health and Human Services Regional Director. *Id.* at 1-4.

Several of the defendants move to dismiss. I grant the defendants' various motions to dismiss as discussed below as to each motion. Because Silver is pro se, I grant him leave to amend to correct the deficiencies identified in this order, if facts exist to do so. Because I am granting him leave to amend, I deny as moot his two pending motions for leave to amend.

## I. LEGAL STANDARD

A properly pleaded complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). The complaint must set forth coherently "who is being sued, for what relief, and on what theory, with enough detail to guide discovery." *See, e.g.*, *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. To survive a motion to dismiss, a complaint must "contain[] enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (internal quotation marks and citation omitted).

Silver's fraud claim must also meet Federal Rule of Civil Procedure 9(b)'s particularity requirement. "Rule 9(b) requires a party to state with particularity the circumstances constituting fraud or mistake, including the who, what, when, where, and how of the misconduct charged." *Ebeid ex rel. U.S. v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010) (quotation omitted). Additionally, "[t]he plaintiff must set forth what is false or misleading about a statement, and why it is false." *Id.* (quotation omitted). In sum, the plaintiff "must provide enough detail to give [the defendants] notice of the particular misconduct which is alleged to constitute the fraud charged so that [they] can defend against the charge and not just deny that [they have] done anything wrong." *Id.* at 999 (quotation omitted).

District courts must apply a two-step approach when considering motions to dismiss. *Iqbal*, 556 U.S. at 679. First, the court must accept as true all well-pleaded factual allegations and draw all reasonable inferences from the complaint in the plaintiff's favor. *Id.* at 678; *Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1247-48 (9th Cir. 2013). Legal conclusions, however, are not entitled to the same assumption of truth even if cast in the form of factual allegations. *Iqbal*, 556

2

U.S. at 679; *Brown*, 724 F.3d at 1248.  Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Iqbal*, 556 U.S. at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679.  A claim is facially plausible when the complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.  Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks and citation omitted).  When the claims have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570.  "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the [district] court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

**II. Ritchie and Femiano's Motion to Dismiss (ECF No. 14)**

Defendants T. Arthur Ritchie (a state family court judge) and Jane Femiano (a state family court hearing master) move to dismiss the claims against them because they cannot discern what Silver allege they have done wrong.  They also argue that to the extent Silver's claims against them are based on actions they took in their judicial and quasi-judicial positions in the family court, they are absolutely immune from damages and injunctive relief.  They also request that I decline to consider declaratory relief against them because that would entangle this court in the state court proceedings.  Finally, they argue that to the extent Silver is challenging the state court child support decisions, the *Rooker-Feldman* doctrine bars his claims.

Silver filed several responses to these defendants' motion. *See, e.g.*, ECF Nos. 26, 29, 41, 50.[1] Silver has no meaningful response, cites without explanation various constitutional amendments and exhibits, and argues that the Nevada state court lacked jurisdiction over him because he resides in Texas. ECF Nos. 26, 29. He also argues the *Rooker-Feldman* doctrine does not apply because there was only a state administrative proceeding so he is not effectively appealing a state court order. ECF No. 41.

The amended complaint identifies Ritchie as a judge in the Family Division of the Eighth Judicial District Court in Las Vegas and Femiano as a hearing master for "Clark County D.A. Family Support and/or Clark County Child Support . . . or Clark County Family Court" in Las Vegas. ECF No. 8 at 2-3. Silver alleges that he received a notice in the mail that a child support order had been entered against him "by the Clark County D.A. Family Support Division and Clark County Child Support DA Family Enforcement Support Division." *Id.* at 6. Although not entirely clear from the amended complaint, Silver appears to be asserting that the child support order came out of an administrative proceeding (rather than a court proceeding) for which Femiano acted as hearing master. *See id.* Silver alleges that in response to the child support order, he challenged the "Jurisdiction of the administrative hearing" and requested a jury trial in a court but "Clark County D.A. Family Support Division and Clark County Child Support DA Family Enforcement Support Division has refused to produce it." *Id.*

Silver alleges that he "received a default notice in the mail from" Ritchie. *Id.* at 7. In response to the default notice, he told Ritchie that there was no controversy between himself and

---

[1] I caution Silver that repeatedly filing documents on the same subject is an abusive litigation tactic for which sanctions may be entered.

4

the child's mother, that he was not the child's father, that he was invoking his right to a jury trial, and that the judge lacked personal jurisdiction over him, but "the judge still continued." *Id.* at 7.

The amended complaint sets forth three claims that Silver apparently asserts against all defendants: (1) a due process violation, (2) an unreasonable seizure violation, and (3) mail fraud. Silver also lists a host of other statutes in his request for relief and caption, including 15 U.S.C. § 1692k, 42 U.S.C. §§ 1985 and 1986, and various federal criminal statutes. *Id.* at 1, 10-11. Silver requests damages. ECF No. 8 at 10. He also seeks declaratory and injunctive relief with respect to Ritchie and requests that "all judgments and orders entered and signed by" Ritchie be declared void. *Id.* at 10.

As a general matter, Silver's amended complaint is defective because he does not identify "who is being sued, for what relief, and on what theory, with enough detail to guide discovery." *See, e.g.*, *Renne*, 84 F.3d at 1178. Additionally, Silver alleges a fraud claim in count three. To the extent he is asserting this claim against Ritchie or Femiano, he provides no allegations about when they made a false representation, where, the content of it, and why it was false.

Additionally, it is unclear what Ritchie and Femiano are alleged to have done to support a plausible claim against them. To the extent I can guess what they are alleged to have done, it appears Silver is attempting to sue them for acts taken in their capacities as judge and hearing master. As a judge, Ritchie is entitled to absolute judicial immunity for all acts he took that relate to the judicial process. *In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002). Likewise, as a hearing master, Femiano is entitled to absolute quasi-judicial immunity for all acts she took that relate to the judicial process. *Id.* at 947-48; *see also Demoran v. Witt*, 781 F.2d 155, 156-57 (9th Cir. 1985) ("Courts have extended absolute judicial immunity . . . to officers whose functions

5

bear a close association to the judicial process," including hearing officers.). That immunity extends to requests for damages and injunctive relief. *Demoran*, 781 F.2d at 157; 42 U.S.C. § 1983 (stating that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable").

"A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (quotation and citation omitted). This inquiry "focus[es] on whether the judge was acting clearly beyond the scope of subject matter jurisdiction in contrast to personal jurisdiction." *Ashelman v. Pope*, 793 F.2d 1072, 1076 (9th Cir. 1986) (citation omitted).

Silver asserts that Ritchie did not have personal jurisdiction over him because he lives in Texas. ECF No. 6-7. However, a lack of personal jurisdiction is not a basis to strip the judicial officer of absolute immunity. Rather, there must be a clear absence of subject matter jurisdiction. Because there is no basis to conclude that Ritchie or Femiano acted without subject matter jurisdiction, Silver's damages and injunctive relief claims against them for actions taken in their judicial and quasi-judicial capacities are barred by judicial immunity.

To the extent absolute judicial immunity does not apply to declaratory relief, I would decline, in my discretion, to entertain a suit for declaratory relief in these circumstances. Silver's challenge to child support determinations made in state family court proceedings would needlessly entangle this court in state law issues in an area that is traditionally left to the states. Additionally, it appears Silver is forum shopping after getting an undesirable result in the state

6

proceedings. *See Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998). I therefore grant these defendants' motion to dismiss.

As discussed below, because Silver is pro se, I must give him a chance to amend to correct identified deficiencies in his amended complaint. However, in relation to these two defendants, I caution Silver that it appears highly likely that amendment would be futile. If Silver's basis for claims against these two defendants are actions they took as judicial officers, he must plausibly allege a basis to overcome judicial and quasi-judicial immunity. Silver's disagreement with their rulings or his position that they lack personal jurisdiction over him are insufficient to defeat their absolute immunity.

## III. Candice Towner's Motion to Dismiss (ECF No. 40)

Towner is the minor child's mother. ECF No. 8 at 7. She moves to dismiss, arguing that Silver has not plausibly alleged she committed a constitutional violation as a private citizen seeking child support through a court action.[2] She also states she cannot discern from the amended complaint what Silver is alleging she did versus what other defendants did.

Silver filed two oppositions after Towner filed her motion, but both appear to be directed at Ritchie and Femiano's motion. ECF Nos. 41,[3] 50. Neither specifically responds to Towner. I therefore grant Towner's motion as unopposed. LR 7-2(d). Moreover, as discussed above with respect to Ritchie and Femiano, the amended complaint does not set forth a short and plain statement identifying "who is being sued, for what relief, and on what theory, with enough detail

---

[2] Towner includes in her motion many facts that do not appear on the face of the complaint. ECF No. 40 at 4-7. She does not explain in her motion why the court can consider these facts nor does she cite to any source for them. I do not consider anything beyond what Silver has alleged in his amended complaint to resolve Towner's motion.

[3] ECF No. 41 was filed approximately forty minutes after Towner filed her motion, so it is unlikely Silver had read and responded to Towner's motion in this short time frame.

7

to guide discovery." *See, e.g.*, *Renne*, 84 F.3d at 1178. And Silver's fraud claim is not pleaded with particularity as to Towner either. I therefore grant Towner's motion to dismiss. However, as discussed below, I grant leave for Silver to amend.

**IV. Department of Health and Human Services' Motion to Dismiss (ECF No. 83)**

Defendant State of Nevada Department of Health and Human Services (HHS) moves to dismiss, arguing that Silver's claims against it are barred by the Eleventh Amendment. HHS alternatively argues, like the other defendants, that Silver's complaint does not explain what HHS allegedly has done that would support a claim against it.

"States are protected by the Eleventh Amendment from suits brought by citizens in federal court." *Douglas v. Cal. Dep't of Youth Auth.*, 271 F.3d 812, 817-18 (9th Cir. 2000), *amended*, 271 F.3d 910 (9th Cir. 2001). However, "a state may waive its Eleventh Amendment defense," "Congress may abrogate the States' sovereign immunity by acting pursuant to a grant of constitutional authority," and "under the *Ex parte Young* doctrine, the Eleventh Amendment does not bar a suit against a state official when that suit seeks . . . prospective injunctive relief." *Id.* (quotation omitted).

"The State of Nevada does not waive its immunity from suit conferred by Amendment XI of the Constitution of the United States." Nev. Rev. Stat. 41.031(3). Congress did not abrogate the States' Eleventh Amendment immunity in passing § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). Nor did it do so for a common law Nevada fraud claim. Finally, Silver has not sued a state official for prospective injunctive relief. Instead, he sued HHS. I therefore grant HHS's motion to dismiss. As with Ritchie and Femiano, I advise Silver that amendment is likely futile as to HHS. But I grant Silver leave to amend to either assert a claim

for which Congress has abrogated Nevada's Eleventh Amendment immunity if he keeps HHS as a defendant or sue a state official for prospective injunctive relief.

## V. Aaron Ford's Motion to Dismiss (ECF No. 95)

Nevada Attorney General Aaron Ford moves to dismiss, arguing he had no personal participation in any of the events at issue and he is entitled to qualified immunity. He joins in the other defendants' argument that Silver's amended complaint does not adequately allege a claim. Silver argues that he need not respond to Ford's motion because Ford did not timely respond to the amended complaint and Silver previously moved for default as to Ford.

I previously denied Silver's motion for default against Ford. ECF No. 86. Silver thus effectively has not opposed Ford's motion. LR 7-2(d). Moreover, as with the other defendants, the amended complaint does not adequately allege what Ford did that would subject him to liability. Indeed, the amended complaint identifies Ford as the Nevada Attorney General but does not attribute any conduct to him that would make him liable on any claim asserted in the amended complaint. ECF No. 8 at 3. I therefore grant Ford's motion to dismiss.

Silver states at page 8 of the amended complaint that he is suing Ford because he is challenging the constitutionality of Nevada Revised Statutes § 126.151. If Silver intends to assert a claim for declaratory relief as to the constitutionality of this statute, he should do so in his second amended complaint consistent with the guidelines regarding amendment set forth below.

## VI. Leave to Amend

Federal Rule of Civil Procedure (15)(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." The policy underlying Rule 15 favors granting amendments

with "extreme liberality." *U.S. v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) (quotation omitted). This "rule favoring liberality in amendments to pleadings is particularly important for the pro se litigant. Presumably unskilled in the law, the pro se litigant is far more prone to make errors in pleading than the person who benefits from the representation of counsel." *Crowley v. Bannister*, 734 F.3d 967, 977-78 (9th Cir. 2013) (quotation omitted). Thus, "before dismissing a pro se complaint the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quotation omitted). I "should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Id.* But I may deny leave to amend if the "proffered amendment[] would be nothing more than an exercise in futility." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

Because Silver is pro se, I grant him leave to amend to correct the deficiencies identified in this order if he can do so. Because I am granting Silver leave to amend, I deny as moot his pending motions to amend. ECF Nos. 90, 116.

I caution Silver to review the defendants' motions and this order to ensure his second amended complaint complies with Rules 8 and 9 and does not allege futile claims. Thus, the second amended complaint should not include lengthy repetitions of constitutional amendments, statutes, rules, and filings in other cases. The second amended complaint must be a complete document in and of itself and will supersede the amended complaint (ECF No. 8) in its entirety. Any allegations, parties, or requests for relief from prior papers that are not carried forward in the second amended complaint will no longer be before the court.

Silver is advised to support each claim with factual allegations because all complaints "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). When claims are asserted against multiple defendants, the complaint should clearly indicate which claims apply to which defendant. *Renne*, 84 F.3d at 1178. Silver should specifically identify each defendant and support each claim with factual allegations about each defendant's actions. Where multiple claims are alleged, the complaint should identify which factual allegations give rise to each particular claim.

**VII. COMPLIANCE WITH LOCAL RULE IC 6-1**

The parties' filings in this case have not complied with Local Rule IC 6-1, which requires that only the initials of a minor child be used and that personal identifiers, such as dates of birth, should be redacted or use only the birth year. The parties are advised to comply with the Local Rules in future filings or sanctions may be imposed.

**VIII. CONCLUSION**

I THEREFORE ORDER that defendants T. Arthur Ritchie, Jr. and Jane Femiano's motion to dismiss **(ECF No. 14) is GRANTED**.

I FURTHER ORDER that defendant Candice Towner's motion to dismiss **(ECF No. 40) is GRANTED**.

I FURTHER ORDER that defendant Nevada Department of Health and Human Services' motion to dismiss **(ECF No. 83) is GRANTED**.

I FURTHER ORDER that defendant Aaron Ford's motion to dismiss **(ECF No. 95) is GRANTED.**

I FURTHER ORDER that plaintiff Frederick Silver's motions to amend (**ECF Nos. 90, 116) are DENIED as moot**.

I FURTHER ORDER that on or before October 31, 2019, Frederick Silver may file a second amended complaint to correct the deficiencies identified in this order if he can do so.

DATED this 30th day of September, 2019.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE