# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| FREDERICK O. SILVER,<br><br>        Plaintiff,<br><br>v.<br><br>WOLFSON, et al.,<br><br>        Defendants. | Case No. 2:19-cv-00032-APG-BNW<br><br>**ORDER** |

Presently before the court are four motions filed by Plaintiff (ECF Nos. 109, 121, 122, and 128). The Court will address each in turn.

**I. Plaintiff's Motions to Require the Court and Defendants to Serve Plaintiff by Certified Mail (ECF Nos. 109 and 121)**

In ECF Nos. 109 and 121 Plaintiff moves the Court to require that all letters from the Court and the Defendants be sent to Plaintiff via certified mail. Plaintiff asserts that this is "to prevent fraud upon the Court." Defendants oppose Plaintiff's request on the grounds that no local rule requires service of letters via certified mail, and generally, Plaintiff's motion has no basis in law. (ECF No. 113.) Defendants also state that Plaintiff has not demonstrated any fraud upon the Court to justify his request. Plaintiff did not reply.

The Court is unaware of any authority that requires either the Court or Defendants to serve Plaintiff with letters via certified mail, and Plaintiff cites none. Plaintiff also does not explain how or why service in this manner would prevent fraud upon the court. Plaintiff does not demonstrate that such fraud has occurred or is likely to occur or explain how requiring service by certified mail would remedy any such problems. Accordingly, ECF Nos. 109 and 121 will be denied. *See* LR 7-2(d) ("The failure of a moving part to file points and authorities in support of the motion constitutes a consent to denial of the motion.").

## II. Plaintiff's Motion for Scheduling and Case Management Order (ECF No. 122)

Plaintiff filed a motion for a scheduling and case management order on August 7, 2019. (ECF No. 122.) At the time that this motion was filed, discovery was stayed pending decisions on multiple motions to dismiss. (*See* ECF No. 104 (order granting stay).) Perhaps because of this, Defendants did not respond to Plaintiff's motion.

Since Plaintiff filed his motion for a scheduling order, however, Judge Gordon ruled on the Defendants' motions to dismiss. (*See* ECF No. 124.) Accordingly, as an initial matter, the Court will lift the stay of discovery.

The Court will also issue the standard discovery plan. Typically, to get a discovery plan and case management order, pro se plaintiffs, like the Plaintiff in this case, are required to initiate a scheduling conference. *See* LR 26-1. After this scheduling conference, the parties are to file a stipulated discovery plan and case management order. *Id.* Here, Plaintiff acknowledges in his motion that the parties have not met and conferred regarding scheduling matters. However, in the interest of moving this case along (that is nearly a year old now), the Court will issue the standard discovery plan. The deadlines are as follows:

- **Discovery Cut-Off Date: 5/30/2020**
- **Motions to Amend Pleadings and Add Parties Deadline: 3/1/2020**
- **Expert Disclosures: 3/31/2020**
- **Rebuttal Expert Disclosures: 4/30/2020**
- **Dispositive Motions Deadline: 6/29/2020**
- **Pretrial Order Deadline: 7/29/2020**
- **Interim Status Reports Deadline: 3/31/2020**

## III. Motion to Reinstate Electronic Filing Privileges (ECF No. 128)

In ECF No. 128, Plaintiff moves the Court for permission to electronically file documents in this case. Defendants did not respond, and Plaintiff did not reply.

Plaintiff previously requested and received leave of the Court to use the CM/ECF system to file, access, and electronically serve documents in this case. (ECF No. 7.) However, once

| | |
|---|---|
| 1 | Plaintiff began using the CM/ECF system, Plaintiff received 25 error notices and the clerk's |
| 2 | office modified Plaintiff's documents 16 times. (*See* ECF No. 105.) Plaintiff also filed duplicative |
| 3 | requests for relief. (*Id.*) As a result, the Court revoked his electronic filing privileges. (*Id.*) |
| 4 | Accordingly, the Court treats Plaintiff's motion to electronically file documents (ECF No. 128) as |
| 5 | a motion for reconsideration of its prior order revoking his electronic filing privileges. |
| 6 | The court "possesses the inherent procedural power to reconsider, rescind, or modify an |
| 7 | interlocutory order for cause seen by it to be sufficient" so long as the court has jurisdiction. *City* |
| 8 | *of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (emphasis |
| 9 | and quotation omitted). Generally, reconsideration of an interlocutory order is appropriate "if (1) |
| 10 | the district court is presented with newly discovered evidence, (2) the district court committed |
| 11 | clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening |
| 12 | change in controlling law." *S.E.C. v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1100 (9th |
| 13 | Cir. 2010) (quotation omitted); *see also* Local Rule 59-1(a). A motion for reconsideration is not |
| 14 | an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *In* |
| 15 | *re AgriBioTech, Inc.*, 319 B.R. 207, 209 (D. Nev. 2004). |
| 16 | Here, Plaintiff provides no reason why the Court should reconsider its prior order. |
| 17 | Plaintiff does not present new evidence, suggest the Court previously erred, or argue that the law |
| 18 | changed. Accordingly, the Court denies Plaintiff's motion for reconsideration (ECF No. 128). |
| 19 | IT IS THEREFORE ORDERED that Plaintiff's Motion for Service by Certified Mail |
| 20 | (ECF No. 109) is DENIED. |
| 21 | IT IS FURTHER ORDERED that Plaintiff's Motion for Delivery of All Mail by Certified |
| 22 | U.S. Mail (ECF No. 121) is DENIED. |
| 23 | IT IS FURTHER ORDERED that Plaintiff's Motion for Scheduling and Case |
| 24 | Management Order (ECF No. 122) is GRANTED. |
| 25 | IT IS FURTHER ORDERED that the stay of discovery is lifted. |
| 26 | IT IS FURTHER ORDERED that the discovery deadlines are as follows: Discovery Cut- |
| 27 | Off Date: 5/30/2020; Motions to Amend Pleadings and Add Parties Deadline: 3/1/2020; Expert |
| 28 | |

Disclosures: 3/31/2020; Rebuttal Expert Disclosures: 4/30/2020; Dispositive Motions Deadline: 6/29/2020; Pretrial Order Deadline: 7/29/2020; Interim Status Reports Deadline: 3/31/2020.

IT IS FURTHER ORDERED that Plaintiff's Motion for Permission for Electronic Case Filing (ECF No. 128) is DENIED.

DATED: December 2, 2019

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE