UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FREDERICK O. SILVER,<br><br>          Plaintiff<br><br>v.<br><br>DISTRICT ATTORNEY STEVEN B. WOLFSON, et al.,<br><br>          Defendants | Case No.: 2:19-cv-00032-APG-BNW<br><br>**Order Dismissing Second Amended Complaint and Denying Pending Motions**<br><br>[ECF Nos. 136, 138, 139, 143] |

I previously ordered plaintiff Frederick O. Silver to show cause why defendant Clark County Child Support Division (CCCSD) should not be dismissed from this action because it is not a suable entity. ECF No. 135. Mr. Silver filed several responses to my order. *See* ECF Nos. 137-144. He also moves for declaratory and injunctive relief against CCCSD. ECF No. 136.

As I pointed out in my prior order, CCCSD cannot be sued because it is a department of Clark County, not a separate political subdivision. *See* Nev. Rev. Stat. § 41.031(2) (stating an action may be brought against the State of Nevada "or any political subdivision of the State"). "[A] department of the municipal government may not, in the departmental name, sue or be sued." *Wayment v. Holmes*, 912 P.2d 816, 819 (Nev. 1996) (quotation omitted).

In one of his responses, Mr. Silver states that his lawsuit against CCCSD "is a lawsuit against Clark County, Nevada which is a political subdivision of the State of Nevada." ECF No. 138 at 1. That does not cure the problem that he has named CCCSD as the only defendant. He also suggests that he is attempting to assert claims against Clark County District Attorney Steven B. Wolfson, the Office of the District Attorney, and the "DA Family Enforcement Support Division Unit and its agents." *Id.* at 3. Yet none of them is named as a defendant in Mr. Silver's

Second Amended Complaint. In addition, it is unclear whether Mr. Silver can assert claims against those persons or entities. I cannot give Mr. Silver legal advice, but he should review the orders previously entered in this case (*See, e.g.*, ECF Nos. 104, 124, 135) and conduct his own research before filing another amended complaint.

"[B]efore dismissing a pro se complaint the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quotation omitted). I "should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Id.* But I may deny leave to amend if the "proffered amendment[] would be nothing more than an exercise in futility." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). The prior orders in this case give Mr. Silver sufficient notice about the deficiencies in his pleadings. I will give him one final chance to file a proper complaint against appropriate defendants.

I THEREFORE ORDER that defendant Clark County Child Support Division is dismissed from this case with prejudice. The Second Amended Complaint (ECF No. 126) is dismissed without prejudice to filing a third amended complaint.

I FURTHER ORDER that plaintiff Frederick O. Silver's pending motions **(ECF Nos. 136, 138, 139, 143) are DENIED**.

I FURTHER ORDER that by **July 7, 2020**, Mr. Silver may file a Third Amended Complaint curing the deficiencies pointed out in this and prior orders if he has sufficient legal and factual bases to do so. If he fails to properly amend by that date, this case will be closed.

DATED this 4th day of June, 2020.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE