**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Frederick O. Silver, | Case No. 2:19-cv-00032-APG-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| District Attorney Steven B. Wolfson, et al., | |
| Defendants. | |

Before the Court are three motions. First, Defendant Clark County filed a motion for a protective order. ECF No. 204. This motion asks the Court to enter an order prohibiting Plaintiff from taking the deposition of opposing counsel and preventing Plaintiff from compelling the production of documents requested in the subpoena. *Id.* Second, Plaintiff filed a motion to strike this motion for a protective order. ECF No. 206. Defendant Clark County responded to Plaintiff's motion to strike. ECF No. 216. Third, Defendant Clark County filed a second motion for a protective order asking the Court to enter an order prohibiting Plaintiff from taking the deposition of Christine Wirt and preventing Plaintiff from compelling the production of documents requested in the subpoena. ECF No. 211. Plaintiff did not oppose this motion.

**I.  Background**

This case arises from a determination by a family court judge that Plaintiff was a child (Towner's) father, subjecting Plaintiff to a child support order. Plaintiff appealed this determination to the Nevada Court of Appeals but did not prevail. In his complaint, Plaintiff accuses Clark County and Clark County District Attorney employees Aarin Bailey and Veronica Gomez of violating Texas law and federal law by attempting to enforce the child support order. Specifically, he alleges that defendants violated the Fair Debt Collection Practices Act (Counts 1 and 3) and the Texas Finance Code governing debt collection (Count 2). Plaintiff also raises a cause of action under Texas common law for defendants engaging in collection efforts (Count 4).

1   Defendant Clark County received a subpoena from Plaintiff requesting the deposition of
2   District Attorney Steven Wolfson and Deputy District Attorney Jeffrey Rogan, who are opposing
3   counsel in this case. ECF No. 204. In addition, the subpoena included a demand that these
4   individuals produce specific documents. Defendant Clark County requests a protective order and
5   makes the following arguments: (1) there is no Rule 16(b) scheduling order in place making this
6   request premature; (2) depositions of opposing counsel should be prohibited; (3) the subject
7   matter of deposition is not relevant; and (4) Plaintiff refuses to conduct the deposition before an
8   "officer," as required by Fed. R. Civ. P. 30(b)(5)(A).

9   Plaintiff opposes this motion in his motion to strike (as opposed to a response). *See* ECF
10  No. 206. However, he does not oppose the motion on substantive grounds. Instead, he moved to
11  strike the request, arguing that Defendant Clark County's motion was not made under penalty of
12  perjury, which is required by 28 U.S.C. § 1746. ECF No. 206 at 1.

13  In its reply, Defendant Clark County argues that 28 U.S.C. § 1746 does not require the
14  filing of motions under penalty of perjury. Additionally, Defendant complied with Fed. R. Civ. P.
15  11 and LR 7-4, by filing a motion with a signed declaration.

16  **II.   Analysis**

17      **A.   Plaintiff's Motion to Strike (ECF No. 206)**

18  Defendant Clark County is correct in noting that its motion complies with Fed. R. Civ. P.
19  11 and LR 7-4 because it filed the motion with a signed declaration. Defendant is also correct in
20  stating that 28 U.S.C. § 1746 does not require the filing of motions under penalty of perjury. *See*
21  28 U.S.C. § 1746. As a result, there is no basis to strike Defendant Clark County's motion.
22  Accordingly, the Court will deny Plaintiff's motion to strike (ECF No. 206).

23      **B.   First Motion for Protective Order (ECF No. 204)**

24  The Court next notes that it could simply grant Defendant Clark County's motion as
25  unopposed under LR 7-2(d), as Plaintiff has not provided any points and authorities supporting
26  the denial of the motion. Nevertheless, there are other grounds upon which to grant Defendant
27  Clark County's request.

28

Rule 26(c) provides that "a party or any person from whom discovery is sought may move for a protective order." Fed. R. Civ. P. 26(c)(1). Pursuant to the Rule, the court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c)(1). The party seeking a protective order "bears the burden of showing specific prejudice or harm will result if no protective order is granted."

"[T]he Federal Rules of Civil Procedure do not specifically prohibit the taking of opposing counsel's deposition." *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986) (internal citation omitted). Although deposing opposing counsel is not absolutely prohibited, it is disfavored. *Harter v. CPS Sec. (USA), Inc.*, 2013 WL 129418, at *8 (D. Nev. Jan. 9, 2013) (internal citation omitted). This is because "allowing the deposition of opposing counsel 'not only disrupts the adversarial system and lowers the standards of the profession, but it also adds to the already burdensome time and costs of litigation.'" *Id.*, citing *Shelton*, 805 F.2d at 1327. Deposing opposing counsel also "'detracts from the quality of client representation,' and has a "chilling effect" on attorney-client representations.'" *Id*. Given these concerns, *Shelton* held that a party should be permitted to take the deposition of opposing counsel only where the party seeking to take the deposition has shown that (1) no other means exist to obtain the information than to depose opposing counsel . . . ; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case. *Id*. (citations omitted). Here, Plaintiff does not demonstrate how any of those factors are met. As a result, Defendant Clark County has demonstrated good cause for the issuance of a protective order as to the deposition of opposing counsel.

Given the analysis above, the Court need not reach the arguments regarding the relevance of the intended deposition or the manner in which Plaintiff intended to conduct it.

Additionally, the Court notes that discovery closed on May 30, 2020. Once discovery is closed in a case, no further discovery may be conducted absent a court order modifying the scheduling order. See Fed. R. Civ. P. 16(b)(4). Here, there has been no such request. Accordingly, the issuance of the subpoena by Plaintiff was improper.

**C.     Second Motion for Protective Order (ECF No. 211)**

This motion is unopposed. Accordingly, the Court may and does grant it under LR 7-2(d). Additionally, the rationale that applies to ECF No. 204 applies here, too. As a result, ECF No. 211 is granted.

### III.     Conclusion

**IT IS THEREFORE ORDERED** that Plaintiff's motion to strike (ECF No. 206) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' motions for protective orders (ECF Nos. 204, 211) are **GRANTED**.

DATED: July 19, 2021

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE