# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

FREDERICK O. SILVER,

     Plaintiff

v.

CLARK COUNTY, NEVADA; AARIN
BAILEY, and VERONIC GOMEZ,

     Defendants

Case No.: 2:19-cv-00032-APG-BNW

**Order**

[ECF Nos. 168, 170, 171, 174, 186, 191, 192,
193, 194, 203, 209, 213]

Plaintiff Frederick Silver sues Clark County and two of its employees, Veronica Gomez
and Aarin Bailey, contending they violated federal and state law while attempting to collect child
support from Silver. He asserts claims for violations of the Fair Debt Collection Practices Act
(FDCPA) and Texas Finance Code Chapter 392, which prohibits abusive debt collection
practices. He also brings a claim under Texas law for unreasonable collection efforts.

The defendants move to dismiss, arguing that they are immune from liability for
enforcing child support orders. Alternatively, they argue that child support orders are not
"debts" within the meaning of the FDCPA. They contend that if I dismiss the federal claims,
then I should decline to exercise supplemental jurisdiction over the state law claims. They assert
that if I retain jurisdiction, I should dismiss those claims because Texas law would not consider a
child support order as a consumer debt and because the defendants did not engage in
unreasonable collection efforts.

Silver moves to strike the defendants' motion because the defendants' attorney filed the
motion to dismiss before filing a notice of appearance in the case. Silver also moves for
sanctions because the defendants did not file a certificate of interested parties. Silver also filed

an "affidavit of response" to the motion to dismiss, in which he argues that a child support order is a debt that may be enforced through civil remedies, so it is the functional equivalent of a consumer debt.  He also argues he is not the child's father and never agreed to pay child support.

The defendants oppose the motion to strike, arguing that the failure to file a notice of appearance was inadvertent and has been resolved.  They also contend that because a motion is not a pleading, it cannot be stricken under Federal Rule of Civil Procedure 12(f).  The defendants oppose the motion for sanctions because they contend the Local Rules do not require counsel for governmental parties to file a certificate of interested parties.

I deny Silver's motions to strike and for sanctions.  I grant the defendants' motion to dismiss the FDCPA claims and I decline supplemental jurisdiction over the state law claims. Consequently, I deny all other pending motions and objections as moot.

## I.  MOTIONS TO STRIKE AND FOR SANCTIONS (ECF Nos. 170, 171)

I deny Silver's motion to strike based on the defendants' counsel not filing a notice of appearance before filing the motion to dismiss.  The defendants' counsel filed a notice of appearance five days after filing the motion to dismiss. ECF No. 172.  The defendants thus have corrected the deficiency, and Silver has not identified any prejudice he suffered as a result of the delay.  I also deny Silver's motion for sanctions because the defendants are governmental parties who do not have to file a certificate of interested parties. LR 7.1-1(a) (stating that "pro se parties and attorneys for private non-governmental parties" must file a certificate of interested parties).

## II.  MOTION TO DISMISS (ECF No. 168)

I grant the defendants' motion to dismiss Silver's FDCPA claims.  As Silver has been told previously in another case in this district asserting similar claims, a child support order is not a "debt" within the FDCPA's meaning. *See Turner v. Cook*, 362 F.3d 1219, 1227 (9th Cir. 2004)

(stating that the FDCPA applies to obligations arising out of "consensual transactions, where parties negotiate or contract for consumer-related goods or services" (quotation omitted)); *Mabe v. G.C. Servs. Ltd. P'ship*, 32 F.3d 86, 88 (4th Cir. 1994) (holding that a child support order is not a "debt" within the FDCPA's meaning); *Frederick-Omoyuma Silver v. Clark Cnty. Child Support Div.*, No. 2:19-cv-01414-RFB-NJK, 2019 WL 6013505, at *2 (D. Nev. Nov. 14, 2019) (holding that "child support obligations do not constitute 'debts' under the FDCPA"); *Raffaele v. Marrama*, 164 F. Supp. 2d 224, 227 (D. Mass. 2001) (holding that a child support order is not a "debt" under the FDCPA because the "obligation is not incurred in exchange for consumer goods or services, but instead was imposed by the state to force [the plaintiff] to fulfill his parental duty to support his child").  I deny leave to amend because amendment would be futile as to the FDCPA claims. *Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009) ("A district court does not err in denying leave to amend where the amendment would be futile.").

I have supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a). *See* ECF No. 157.  Under § 1367(c), I may decline to exercise supplemental jurisdiction if:

(1) the claim raises a novel or complex issue of State law,
(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
(3) the district court has dismissed all claims over which it has original jurisdiction, or
(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

If I determine that one or more of these conditions exists, I must then consider whether exercising jurisdiction would ultimately serve "the principles of economy, convenience, fairness, and comity . . . ." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 3357 (1988).  If these considerations do not favor exercising supplemental jurisdiction, then "[I] should hesitate to exercise jurisdiction over [the] state claims . . . ." *United Mine Workers of Am. v. Gibbs*, 383

3

U.S. 715, 726 (1966).  Whether to decline the exercise of supplemental jurisdiction under § 1367(c) lies within my discretion. *Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087, 1091 (9th Cir. 2008).

I decline to exercise supplemental jurisdiction because there is no longer a federal claim over which I have original jurisdiction. *See Notrica v. Bd. of Sup'rs of Cnty. of San Diego*, 925 F.2d 1211, 1213-14 (9th Cir. 1991) (stating that "in the usual case, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over state law claims when all federal claims have been dismissed").  Although this case has been pending for some time, I have not made any substantive rulings on the state law claims and these parties are still at the pleading stage.  The interests of economy, convenience, fairness, and comity therefore do not weigh in favor of retaining jurisdiction.  Because I have dismissed the FDCPA claims and decline to exercise supplemental jurisdiction over the state law claims, I deny as moot all other pending motions and objections.

**III.  CONCLUSION**

I THEREFORE ORDER that plaintiff Frederick Silver's motion to strike **(ECF No. 170) is DENIED.**

I FURTHER ORDER that plaintiff Frederick Silver's motion for sanctions **(ECF No. 171) is DENIED.**

I FURTHER ORDER that the defendants' motion to dismiss **(ECF No. 168) is GRANTED.**  Plaintiff Frederick Silver's claims under the Fair Debt Collection Practices Act are dismissed with prejudice.  I decline to exercise supplemental jurisdiction over his state law claims.

I FURTHER ORDER that all other pending motions and objections are DENIED without prejudice as moot.

I FURTHER ORDER the clerk of court to enter judgment consistent with this order and to close this case.

DATED this 17th day of August, 2021.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE